FILED

JUL - 9 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA TAPIA-GUZMAN,<br><br>Defendant. | Case No.: 19CR5157-MMA<br>19MJ11596-RBM<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on December 4, 2019, to determine whether Defendant, MARIA TAPIA-GUZMAN, should be held in custody pending trial on the grounds that she is a flight risk. Assistant United States Attorney Rosario Gonzalez appeared on behalf of the United States. Attorney Brian Funk appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the Complaint issued against the Defendant on November 29, 2019 by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

I

**FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged in Criminal Complaint No. 19MJ11596 with the importation of 48.60 kilograms (107.14 pounds) of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offenses.

2. The charged offenses are offenses for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u>, 18 U.S.C. § 3142(e).

3. The offenses carry with them a minimum mandatory sentence of 10 years and a maximum sentence of life. <u>See</u>, 21 U.S.C. § 960(b)(1)(H). According to the United States Sentencing Guidelines, the Base Offense level is 38. <u>See</u>, USSG § 2D1.1(c)(3). Assuming the Defendant's criminal history score places her in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 235-293 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2))</u>:

1. On November 28, 2019, Maria TAPIA-Guzman (TAPIA), a citizen of Mexico, applied for entry into the United States at the Calexico, California East Port of Entry. TAPIA was the driver of a white 2012 Honda CR-V bearing Mexican license plates and co-defendant Maria MOLINA-Leon (MOLINA) was the passenger.

2. During primary inspection, Customs and Border Protection Officer (CBPO) Sanchez received a negative customs declaration from TAPIA. The Honda was referred to the secondary inspection area following a random port enforcement operation.

3. Prior to reaching the secondary inspection lot, TAPIA was instructed to drive the vehicle through the Z-Portal x-ray machine. CBPOs noticed several anomalies within the Honda. Thereafter, in the secondary inspection area, the Honda was screened by a Human/Narcotics Detector Dog (HNDD). The HNDD positively alerted to the rear drivers' side of the Honda.

4. A further inspection of the Honda revealed 101 vacuum-sealed clear cellophane packages located in the doors and left and right quarter panels. The packages contained a crystal-like substance and weighed a total of 48.60 kilograms (107.14 pounds). The crystal-like substance tested positive for the properties of methamphetamine.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

1. Defendant TAPIA was the driver and registered owner of the vehicle in which the narcotics were discovered. Therefore, the evidence is strong against Defendant.
2. Defendant is a resident and citizen of Mexico and has no legal right to remain or work in the United States as she possessed only a Border Crossing Card at the time of her arrest. Defendant's Border Crossing Card (B1/B2 Visa) was revoked at the time of her arrest.
3. Defendant has significant ties to Mexico and currently resides in Mexico. Defendant also lacks significant ties to the United States.
4. Defendant lacks financial resources and assets in the United States.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has no criminal history.

## II

## REASONS FOR DETENTION

A. There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint Number 19MJ11596, to wit: the importation of 48.60 kilograms (107.14 pounds) of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, she has a strong motive to flee.

C. Defendant has substantial ties to Mexico.

D. Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

### III
### ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**
DATED: 7/9/2020

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

ROBERT S. BREWER, JR
United States Attorney

ROSARIO GONZALEZ
Assistant U.S. Attorney

cc:  Brian Funk
     Counsel for Defendant